[No. 2876. Decided April 4, 1898.]

THE STATE OF WASHINGTON, *on the Relation of Alfred Maylor*, v. SUPERIOR COURT OF ISLAND COUNTY AND THE HON. J. G. McCLINTON, *Judge.*

TIDE LANDS — APPEAL FROM DECISION OF COMMISSIONERS.

Where an application for the purchase of tide lands is contested by two other claimants for separate parcels thereof, and all the applications are tried before the board as one proceeding and findings made against the original applicant, such applicant is entitled to bring the matter up for review before the superior court by one appeal as against both contestants, under Laws 1897, p. 254, § 52 (Bal. Code, § 2182.)

*Original Application for Writ of Prohibition.*

*McCutcheon & Gilliam*, for relator.

*Allen Weir*, for respondents.

*Per Curiam.*—This is an application for a writ to pro-
hibit the respondent from proceeding with the appeal of
one Mary Morse from a decision against her in favor of the
relator and one Ely, rendered by the board of state land
commissioners in the matter of a contest relating to appli-
cations to purchase tide lands. Said Morse made the first
application to purchase. The relator thereafter applied to
purchase a part of said lands and Ely applied to purchase
another part. It does not appear that either Ely or Maylor
was interested in the other's application, but they both re-
sisted Morse's application on a common ground. The whole
matters were heard by the board at one time, and one judg-
ment was rendered in favor of the relator and Ely, where-
upon Morse applied to the superior court as against both
of them, giving one bond under § 52, p. 254, Laws 1897
(Bal. Code, § 2182), which provides for the manner of tak-
ing appeals from said board. The relator moved to dismiss
the appeal on the ground that the court had no jurisdiction,
in consequence of but one appeal having been taken as
against the relator and Ely, while their rights were separate
and independent of each other. The court denied the mo-
tion and the relator has applied for a writ of prohibition
as aforesaid. We do not think the writ should issue under
the facts shown, although Maylor and Ely were insisting
upon separate rights and the fact that Morse was interest-
ed against both of them and that her rights as against each
depended upon the same state of facts did not make it a
joint proceeding, for enough appears to indicate that it was
tried before the board as one proceeding, and such having
been the case, one appeal could have been taken therefrom.

At least, it does not appear to be a case where a writ of prohibition should issue.   It does not appear that the bond was attacked in anywise in the lower court, and we see no reason why the relator's rights cannot be fully protected. The same strictness ought not to obtain with reference to an appeal from the board aforesaid, as would obtain in an appeal from a superior court to this court.

Writ denied.